CARAWAY, J.,
dissents from denial of rehearing.
hi would grant rehearing in this matter. The original opinion fails to recognize the statutory procedure for the discipline of students under Title 17 (La. R.S. 17:416), and instead creates tort relief for a school board’s decision which may be remedied only through the process provided by the legislature.
Regardless of the actions of Marvin Hite or Larry Anderson in reaching their disciplinary conclusions regarding Justin Christy, the discipline imposed was properly appealed through the school system pursuant to the statutory framework so that the punishment eventually became the product of a decision of the elected members of the school board. As briefly acknowledged in the majority opinion, the disciplinary decision was appealed to the school board. On November 18, 2003, the board heard the testimony of Justin and Andrew Heacock. The board’s decision to continue Justin’s expulsion from Captain Shreve High School may have resulted from its measure of the credibility of the two students or from a decision to impose strict liability upon Justin regardless of how the whiskey lodged in his backpack. The decision of the elected body, however, was subject to further process provided by *704 the legislature whereby Justin’s punishment was subject to immediate judicial review. La. R.S. 17:416(C)(5) provides:
(5) The parent or tutor of the pupil may, within ten days, appeal to the district court for the parish in which the student’s school is located, an adverse ruling of the school board in upholding the action of the superintendent or his des-ignee. The court may reverse or revise the ruling of the school board upon a finding |2that the ruling of the board was based on an absence of any relevant evidence in support thereof.
See, e.g. McCall v. Bossier Parish School Bd., 34,983 (La.App.2d Cir.3/16/01), 785 So.2d 57 (where expedited process at the trial court and court of appeal, including a TRO, was utilized). Yet, Justin made no appeal, choosing to later seek relief in tort.
In the school board’s original appellate brief to this court, the following assignment of error was made:
The trial court erred in failing to dismiss plaintiffs claim where plaintiff failed to exhaust his administrative remedies.
This issue is actually broader than this assignment of error. The legislature has provided for expedited judicial review of an arbitrary decision of a public body in order to prevent irreparable harm to an expelled student. The evidence in this tort action presented to the trial court, years after the expulsion, examined the process Justin received, cross-examined Hite and Anderson, and heard the explanation of Heacock, the very same evidence a court in December 2003 should have heard to end the harm to Justin and restore him to school attendance at Captain Shreve. Yet, the majority has not addressed this specific legislatively-mandated process, and substitutes its judicially-determined view of tort duties in objection to the public body’s decision.
The appellant is entitled to review of the significant legal question posed by its assignment of error. The legislative structure of review for decisions of elected officials for public education should not dismiss without explanation. A rehearing to address this issue should be granted.
CARAWAY, J., dissents from the denial of application for rehearing and assigns reasons.
BROWN, C.J., would grant rehearing.